```
          UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF WEST VIRGINIA
                  AT CHARLESTON
```

JERVONDALYN FARMER,

      Plaintiff,

v.                                Civil Action No. 2:14-cv-13256

C.O. WILLIAM WILSON, individually and in
his official capacity as a correctional
officer of The West Virginia Regional Jail
and Correctional Facility Authority, and
CHIEF CORRECTIONAL OFFICER LT. LARRY BUNTING,
individually and in his official capacity, and
THE WEST VIRGINIA REGIONAL JAIL AND
CORRECTIONAL FACILITY AUTHORITY
an agency of the State of West Virginia, and
JOHN DOE, unknown person or persons,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is defendant John Doe's motion to dismiss, filed August 7, 2014.[1]

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim

---

[1] While the John Doe defendant(s) have not appeared, counsel for the West Virginia Regional Jail and Correctional Facility Authority, William E. Murray, has moved on their behalf for dismissal. In the interests of expedience, and lacking any objection from plaintiff as to the propriety of Mr. Murray's motion, he is deemed authorized to appear specially in order to seek dismissal of the John Doe defendants.

showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6). The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007)(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds, Twombly, 550 U.S. at 563). In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A plaintiff's "'naked assertions' devoid of 'further factual enhancement'" will not satisfy this standard. Id.

    The Federal Rules of Civil Procedure do not explicitly provide for the filing of a complaint against an unknown John Doe defendant. Rule 10(a) directs that pleadings must "name all the parties" and Rule 4(a)(1) requires that a summons "name... all the parties" and "be directed to the defendant," but neither provides any guidance on what is permissible when the identity of an opposing party is unknown. Fed. R. Civ. P. 10(a); Fed. R.

2

Civ. P. 4(a)(1). Though the use of a John Doe designation is generally disfavored in the federal courts, there are circumstances in which its use remains permissible. See 7 Wright & Miller, Federal Practice and Procedure § 1659 (discussing disfavored status of John Doe defendants), see e.g., Colle v. Brazos County, Tex., 981 F.2d 237, 243 n. 20 (5th Cir.1993), Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); but cf Wudtke v. Davel, 128 F.3d 1057, 1060 (7th Cir.1997).[2]

The United States Court of Appeals for the Fourth Circuit has held, in pre-Twombley cases, that plaintiffs may, in some instances, file suit against John Doe defendants. See Schiff v. Kennedy, 691 F.2d 196 (4th Cir. 1982).[3] Other federal courts have continued to acknowledge the viability of naming John Doe defendants, even after Twombley. See e.g., Crowley v. Bannister, 734 F.3d 967, 978 (9th Cir. 2013)("If the identity of any defendant is unknown, 'the plaintiff should be given an

---

[2] The disfavor is most commonly expressed when a John Doe designation is used in a case in federal court on diversity grounds, wherein the unknown citizenship of the John Doe could potentially divest the court of subject matter jurisdiction. See 13 Wright & Miller  Federal Practice and Procedure § 3642 ("The practice of naming John Doe defendants . . . has created some subject matter jurisdiction problems for the federal courts in states permitting the procedure" and "the John Doe device is disfavored by many federal courts").

[3] See also Chidi Njoku v. Unknown Special Unit Staff, 217 F.3d 840 (4th Cir. 2000)(unpublished)

opportunity through discovery to identify the unknown defendants'")(quoting Gillespie, 629 F.2d at 642); Blakeslee v. Clinton Cnty., 336 F. App'x 248, 250 (3d Cir. 2009)("Use of John Doe defendants is permissible in certain situations until reasonable discovery permits the true defendants to be identified.").

The Fourth Circuit has emphasized that the proper use of a John Doe designation is as a placeholder in situations where the "true identity of an unnamed party can be discovered through discovery or through intervention by the court." Schiff, 691 F.2d at 198, accord Green v. Doe, 260 F. App'x 717, 719 (5th Cir. 2007)("Although the use of a 'John Doe' is disfavored, it serves the legitimate function of giving a plaintiff the opportunity to identify, through discovery, unknown defendants."), Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995)(explaining that while it is generally impermissible to name a fictitious party as a defendant, "an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery"), see also Butchard v. Cnty of Dona Ana, 287 F.R.D. 666, 671 (D.N.M. 2012)("The purpose of a Doe defendant is to serve as a place holder when the identity of [a]

4

particular defendant is unknown"). As such, John Doe suits are only permissible against "real, but [at the time of filing] unidentifiable, defendants." Schiff, 691 F.2d at 197.

In her complaint, plaintiff identified the John Doe defendant(s) as:

> [I]nter alia, unknown [prison] staff, who negligently hired, negligently retained, negligently failed to properly supervise . . . and negligently failed to intervene and protect Plaintiff from the harm suffered by her at the hands of [the other named defendants]. Defendant Doe includes any person who concealed the actions of [the other named defendants] or facilitated their wrongful and actionable acts or engaged in retaliation against the Plaintiff.

(Plaintiff's compl. ¶ 6).

Plaintiff's description of the John Doe defendant(s) is broad and lacking in particulars. It is primarily composed of "naked assertions" of wrongdoing that might or might not ultimately be possible to connect to a particular individual employed or supervised by one of the named defendants. The breadth of plaintiff's designation, which includes any person who concealed or facilitated the wrongful acts of the named defendants, and the lack of specific facts or allegations that could be tied, upon discovery, to a specific individual, reveals that plaintiff has not used the John Doe designation as a placeholder. Rather, plaintiff has employed the John Doe designation as a catch-all provision, designed to encompass any

5

individual with a potential connection to the harms suffered she suffered.

It is pleadings of this nature that the Supreme Court intended to eliminate when it announced <u>Twombley</u> and <u>Iqbal</u>. As the Court explained in <u>Iqbal</u>, while complaints need not contain "detailed factual allegations" they must include "more than an unadorned, 'the defendant-unlawfully-harmed-me' accusation." <u>Iqbal</u>, 556 U.S. at 677. Here, the plaintiff has essentially pled that someone employed or supervised by a named defendant may have unlawfully harmed her, without providing any specific information that could be used to identify the person or persons who actually caused the harm.

In her response, plaintiff acknowledges that she has not yet identified any John Doe defendant(s), but asks the court to hold its ruling in abeyance until the completion of discovery. This argument would have merit if plaintiff's use of the John Doe designation was proper, that is, if plaintiff knew a particular individual had committed a wrong, lacked only the actual identity of that individual, and was using the discovery process to ascertain that individual's identity. It is worth noting that discovery has been underway in this action for at least four months. When a John Doe designation is a placeholder, prompt action can be taken by discovery to seek the

6

identity of an unknown party.  Indeed, a single interrogatory may be sufficient.  Yet plaintiff has not brought to the court's attention any discovery action seeking the identity of a John Doe defendant.  Her failure to act diligently lends support to the conclusion that the plaintiff has not used the John Doe designation as a placeholder.  See Valade v. City of New York, 949 F. Supp. 2d 519, 531 (S.D.N.Y. 2013)("Where a plaintiff 'has had ample time to identify' a Doe defendant but gives 'no indication that he has made any effort to discover the [defendant's] name,' the plaintiff 'simply cannot continue to maintain a suit against' the John Doe defendant.")(internal citations omitted).

Accordingly, it is ORDERED that the motion to dismiss be, and hereby is, granted.  It is further ORDERED that the John Doe defendant(s) be, and hereby are, dismissed from this action.

The Clerk is directed to forward copies of this order to all counsel of record and any unrepresented parties.

DATED: September 15, 2014

John T. Copenhaver, Jr.
United States District Judge

7